I concur in the majority's analysis and disposition of appellant's first assignment of error. Although such disposition arguably renders appellant's second assignment of error moot, I disagree with the majority's decision to overrule it.
If, as the majority concludes, appellant failed to establish the annexation adversely affected its legal interest, I find its conclusion appellant was a proper party to petition the court of common pleas under R.C. 709.07(A)(1) to be inapposite. Although appellee may adjust its fees for services as a result of the annexed property, such speculative future act does not negate appellant's present legal rights and obligations under the Fire Protection Contract. I conclude the annexation does adversely affect appellant's legal interest in the Fire Protection Contract and because it does, the trial court erred in finding appellant was not an interested person as defined in R.C. 709.07.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed.